# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **DEVON STIFF, ID# 12007623,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | No. 3:12-CV-4998-D-BH |
| ) | |
| **OFFICER JOSEPH STINSON, et al.,** ) | |
| ) | |
| **Defendants.** ) | **Referred to U.S. Magistrate Judge** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, Plaintiff's complaint should be dismissed as frivolous.

## I. BACKGROUND

On November 27, 2012, Devon Stiff (Plaintiff) filed this suit under 42 U.S.C. § 1983 against Dallas Area Rapid Transit (DART) Officer Joseph Stinson (Officer), District Attorney Craig Watkins (DA), Governor Rick Perry (Governor), Sheriff Lupe Valdez (Sheriff), and State Judge Tracey Holmes (Judge) (collectively Defendants), in their official capacities. (Compl. at 3 (doc. 3); Magistrate Judge's Questionnaire (MJQ) (doc. 9), Ans. 1.)[1]

On February 15, 2006, the Officer arrested Plaintiff. (Compl. at 3-4; MJQ Ans. 2.) Plaintiff was ultimately charged with evading arrest and possession of a controlled substance with intent to deliver. (MJQ, Ans. 3).[2] He was released on bond on July 19, 2006. (MJQ Ans. 5.) On February 22, 2007, the Judge issued a warrant for Plaintiff's arrest and forfeited his bond. (*Id.*) On December

---

[1] Plaintiff's answers to the questionnaire constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

[2] These charges remain pending. (MJQ, Ans. 3, 4; *see also* www.dallascounty.org, search Cause Nos. F06-19538, MB06-19629).

2, 2011, the DA requested Plaintiff's extradition from another state, contending that he had fled the jurisdiction to avoid prosecution. (MJQ Ans. 1.) Plaintiff was arrested pursuant to the warrant on January 23, 2012. (*Id.*)

Plaintiff now claims that during the initial 2006 arrest, the Officer assaulted him with a deadly weapon, used excessive force, falsely imprisoned him, kidnaped him, illegally searched him, and defamed him, and that he later filed a false police report. (Compl. at 3-5; MJQ Ans. 1, 2, 6). He claims that the DA has maliciously prosecuted him; failed to respond to his letters "accepting the charges" in April 2010, June 2010, and June 2012, that were filed with the court clerk; used his copyrighted name in an unauthorized manner when he sought to have Plaintiff extradited in December 2011; caused him to be falsely labeled as a fugitive from justice; and obtained an incorrect indictment. (*Id.;* Compl. at 3-5.)

Plaintiff also asserts that the Sheriff had him falsely arrested and detained, failed to complete service of process, ignored a grievance, defamed him, used his copyrighted name in an unauthorized manner, and appointed and designated officers of the fugitive unit to arrest him, resulting in an abuse of process. (MJQ Ans. 1, 8.) He contends that the Governor violated his oath of office when he issued a warrant for Plaintiff's arrest and extradition as a fugitive from justice, certified a false indictment, and failed to conduct an adequate judicial review of his fugitive status to answer these charges in Texas. (Compl. at 3-5; MJQ Ans. 1.) Plaintiff also asserts claims against the Governor for gross negligence, defamation, false arrest, abuse of process and copyright infringement. (MJQ Ans. 1.) Finally, Plaintiff claims the Judge breached his oath of office, failed to protect Plaintiff's rights, abused process by failing to address certain motions, failed to conduct an examining trial, commanded his arrest and forfeiture of his bond, failed to respond to his written requests regarding

2

his bond conditions, and falsified a record regarding specific dates he executed sworn statements. (*Id.*) He also asserts claims against the Judge for defamation and false arrest. (*Id.*) Plaintiff seeks release from detention, to have the defendants punished according to the "full range of law", and monetary damages. (Compl. at 3; MJQ Ans. 1, 9).

## II.  PRELIMINARY SCREENING

Plaintiff is an inmate at the Dallas County jail who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III.  SECTION 1983

Plaintiff seeks monetary damages under 42 U.S.C. § 1983. That section "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immun-

3

ities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

### A. Immunity

Plaintiff sues the Governor, the DA, and Judge in their official capacities.

An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Hafer v. Melo*, 502 U.S. 21, 26–27 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Texas state judges and governors are agents of the State of Texas, and therefore have Eleventh Amendment immunity for claims for monetary damages asserted against them in their official capacities. *Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 320 (5th Cir. 2008); *Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). Likewise, Texas district attorneys and assistant district attorneys are also considered agents of the state, immune from claims for damages under the Eleventh Amendment, when acting in their official, prosecutorial capacities. *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir.1997); *Quinn v. Roach*, 326 Fed. App'x 280, 292-293 (5th Cir. May 4, 2009).

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United

4

States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[3] "The Eleventh Amendment acts as a jurisdictional bar to a suit in federal court against a state or one of its agencies. This immunity applies unless it is waived by consent of a state or abrogated by Congress. " *See Curry v. Ellis Cnty., Tex.*, 2009 WL 2002915, at *3 (N.D. Tex. July 10, 2009) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984)). Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Communic'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit nor has Congress abrogated the immunity by enacting 42 U.S.C. § 1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Plaintiff's allegations against the Judge, the Governor, and the DA are all based on actions taken in their official capacities as agents of the State of Texas. Accordingly, his § 1983 official capacity claims against them should be dismissed as frivolous because they are immune from suit.

**B. Municipal Liability**

Plaintiff sues the Sheriff and the Officer in their official capacities, which is merely another way of pleading an action against their municipal employers. *Kentucky v. Graham*, 473 U.S. at 165. Municipalities, including counties, cities, and DART, may be held liable under § 1983. *Hampton Co. Nat'l Sur., LLC v. Tunica County*, 543 F.3d 221, 224 (5th Cir. 2008); *Craig v. Dallas Area Rapid Transit*, 2012 WL 6700409, *5 (5th Cir. Dec. 27, 2012) (recognizing that DART is a municipal entity). To hold a municipality liable under § 1983, however, plaintiffs must show an

---

[3] Although courts and litigants often use "Eleventh Amendment immunity" as a "convenient shorthand", the phrase is "something of a misnomer, for the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment." *N. Ins. Co. of N.Y. v. Chatham County, Ga.*, 547 U.S. 189, 193 (2006) (quoting *Alden v. Maine*, 527 U.S. 706, 713 (1999)).

"underlying claim of a violation of rights," as well as "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). The official policy requirement means that municipal liability under § 1983 is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479-80 (1986).

Plaintiff contends that the Sheriff violated his rights by designating him as a fugitive from justice, appointing and designating officers of the fugitive unit to falsely arrest and detain him, failing to complete service of process, and ignoring his grievance. Plaintiff contends that during the arrest, the Officer violated his rights by assaulting him with a deadly weapon, using excessive force, falsely imprisoning him, kidnapping him, illegally searching him, defaming him, and later filing a false police report. Plaintiff has not alleged either an official policy or custom of Dallas County to violate civil rights by inappropriately designating a person as a fugitive, falsely arresting alleged fugitives, or failing to complete appropriate paperwork or respond to grievances. He has also failed to allege either an official policy or custom of DART to violate civil rights by using excessive force against, falsely imprisoning, kidnaping, illegally searching, defaming, or filing false police reports about individuals. Plaintiff has therefore failed to state a viable claim against Dallas County or DART, and his official capacity claims against the Sheriff and the Officer should be dismissed.

## C. **Limitations**

Plaintiff's official capacity claims against the Officer are also barred by the statute of limitations. All of Plaintiff's claims against the Officer arise from the arrest on February 15, 2006. Plaintiff filed his federal complaint on November 27, 2012.[4]

---

[4] Under the prison mailbox rule, an action under 42 U.S.C. § 1983 is deemed filed when the prisoner delivers the pleadings to prison authorities for mailing to the court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir.1995).

Courts "may raise the defense of limitations *sua sponte*." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). "[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed" under 28 U.S.C. § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *accord*, *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006).

Federal courts look to the law of the forum state to determine the length of the statute of limitations applicable in cases filed pursuant to 42 U.S.C. § 1983. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The general statute of limitations governing personal injuries in the forum state provides the applicable limitations period. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Texas has a two-year statute of limitations for personal injury claims, so Plaintiff had two years from the date his claims accrued to file suit. *Id.*; *accord Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000).

While state law determines the length of the limitations period, federal law determines the accrual date. *Wallace*, 549 U.S. at 388; *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008). Generally, a claim accrues when the plaintiff has "a complete and present cause of action," or "when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (citation and internal quotation marks omitted).

> "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" A plaintiff's awareness encompasses two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further."

*Piotrowski*, 237 F.3d at 576 (citations omitted); *Walker*, 550 F.3d at 414.

7

Here, because Plaintiff was arrested on February 15, 2006, his claims against DART and/or the Officer accrued on that date. *Wallace*, 549 U.S. at 391-92 (holding that the statute of limitations on a claim of false arrest began to run when Wallace appeared before the magistrate, not when he was later released). Plaintiff's complaint was filed over six years later. His claims are therefore time-barred in the absence of equitable tolling.

The applicable limitations period may be equitably tolled in appropriate circumstances. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Id.* "[W]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court. The federal court may disregard the state tolling rule only if it is inconsistent with federal policy." *See FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted). Equitable tolling preserves a plaintiff's claims where strict application of the statute of limitations would be inequitable. *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 19956). However, federal law requires that litigants diligently pursue their actions before equitable tolling becomes available. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999); *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("equity is not intended for those who sleep on their rights").

Plaintiff has not shown that he has diligently pursued his official capacity claims against the Officer by waiting almost seven years to file suit. He is not entitled to equitable tolling, and his official capacity claims against the Officer should therefore be dismissed as time-barred.[5]

**D. Habeas Relief**

Plaintiff seeks release from imprisonment. (Compl. at 4, MJQ Ans. 9). Release is an

---

[5] Plaintiff expressly sues the Officer in his official capacity. Even if his complaint is liberally construed as also asserting individual capacity claims against the Officer, those are likewise barred by limitations.

8

inappropriate remedy in a § 1983 action. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). A prisoner cannot challenge the fact or duration of confinement in a § 1983 action. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). He may only do so within the exclusive scope of habeas corpus. *See Preiser*, 411 U.S. at 487. Because Plaintiff may only obtain declaratory or monetary relief in this § 1983 action, he fails to state a cause of action upon which relief may be granted on his claim for release.

### E. Criminal Charges

Plaintiff states that he seeks to have the defendants punished, fined and sanctioned. (Compl. at 4; MJQ Ans. 9). There is no constitutional right to have someone criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Nor does a civil action permit a private party to enforce criminal statutes. *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 626 (N.D. Tex. 2007). Plaintiff fails to state a cause of action upon which relief may be granted on his claim for the defendants to be punished and sanctioned.

## IV. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C.§ 1915(g).[6]

---

[6] Section1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

9

**SIGNED this 28th day of May, 2013.**

　　　　　　　　　　　　　　　　　*/s/ Irma Carrillo Ramirez*
　　　　　　　　　　　　　　　　　IRMA CARRILLO RAMIREZ
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

　　　　A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

　　　　　　　　　　　　　　　　　*/s/ Irma Carrillo Ramirez*
　　　　　　　　　　　　　　　　　IRMA CARRILLO RAMIREZ
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE